# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

GORDON CUMMINGS, #286663      *
        Plaintiff,
    v.      *   CIVIL ACTION NO. CCB-10-1584

MSP BARRICK OFFICER BRICK     *
FREDERICK COUNTY SHERIFF
  CHARLES A. JENKINS      *
        Defendants.
                      ***

## **MEMORANDUM**

Pending is defendants' dispositive motion (ECF No. 15), which shall be treated as a motion for summary judgment.[1] Plaintiff opposes the motion. ECF No. 20. No hearing is needed to resolve the case. *See* Local Rule 105.6 (D. Md. 2011). For the foregoing reasons, the Court will, by separate Order, GRANT defendants' motion for summary judgment.

**Background**

The following statement of facts is documented by a criminal statement of charges and affidavits. On February 13, 2008, defendant Delmas Brick ("Brick"), a Maryland State Police ("MSP") trooper, responded to a report of a theft in progress at a Lowe's hardware store in Frederick, Maryland. ECF No. 15, Ex. A. He was informed that three black males wearing jeans, dark-colored jackets, and hats had stolen merchandise, including power tools, crabgrass killer, and other items, from the store. Two of the suspects had fled in a Pontiac Grand Prix with a Virginia license plate while one fled on foot with the merchandise in his hands. The suspect on foot fell and dropped one of the power tools he was carrying, but continued to run away with another tool. The dropped item was recovered.

In response to a police broadcast describing the suspects, another member of the MSP, Cpl.

Eric Corbin, located an individual who matched the description of the suspects. The suspect was seen running down a street near the Lowe's with a black and yellow tool case in his hand. *Id.* at Ex. B. Corbin affirms the individual dropped the power tool in some bushes while being pursued and Corbin lost sight of the individual.

Corbin continued to patrol for the suspects, and located and detained a person fitting the description exiting a Pontiac Grand Prix with a Virginia license plate in the parking lot of a nearby Pizza Hut. He was identified by Corbin and Brick as Antoine Donnell Moore. Corbin returned to the Pontiac to photograph the vehicle and to obtain vehicle information, and found another person hiding in the back seat. This person also matched the description of the individual who had dropped the stolen power tool in the bushes. He was identified from his driver's license as Vaughn Lamont Beatty. Both Moore and Beatty were placed in patrol vehicles for transportation back to Lowe's for positive identification.

As Brick and Corbin drove past the same Grand Prix they observed a third individual attempting to back the vehicle out of the parking spot. This person was detained and identified as plaintiff Gordon Cummings. Brick searched the Pontiac and located a stolen power tool in the trunk. He also found a Budget Rent-A-Car agreement which showed that plaintiff had rented the car. The total value of the items taken was $2,222.78.

Moore, Beatty, and plaintiff were positively identified by four Lowe's employees as the individuals who had stolen the power tools from the store. One or two of the employees was unsure and unable to firmly identify the suspects. A Lowe's employee identified one of the power tools as belonging to Home Depot. Brick spoke to a Home Depot employee, who confirmed that the power

---

[1] Defendants filed a supplement to the dispositive motion (ECF No. 22) and plaintiff filed a reply. (ECF No. 25).

tool belonged to that store and that she had witnessed the theft. She was shown photographs and identified plaintiff as the person who stole the power tool.

As the three suspects were being transported to the Frederick County Detention Center, the MSP Barrack was advised by the manager of the Pizza Hut that a fourth male was seen attempting to break into the Pontiac, which had been left in the Pizza Hut parking lot until Budget Rent-A-Car could retrieve it. This individual, identified by license as Dwight Leroy Jeffries, informed police that Moore and Beatty had hired plaintiff to drive to Frederick and assist them in stealing from local stores.

Brick arrested plaintiff and charged him in state court with theft under $500.00, attempted theft over $500.00, and conspiracy to commit theft over $500.00. He named Lowe's and Home Depot as victims. ECF No. 15, Exs. C & D. The Frederick County State's Attorney entered a nolle prosequi disposition on June 3, 2008. The charges were re-filed on July 26, 2008, naming only Lowe's as a victim. Brick had no further involvement in the case.

According to the state court criminal docket, plaintiff failed to appear in this case on four occasions and warrants were issued for his arrest on four separate occasions.[2] On March 2, 2010, a nolle prosequi disposition was entered.

Plaintiff filed this self-represented action on or about May 28, 2010,[3] alleging that state and local law enforcement falsely arrested him in Frederick County, Maryland on theft charges in

---

[2] Plaintiff claims that on September 9, 2009, a warrant was issued at the request of the Department of Parole and Probation.

[3] Although received for filing on June 15, 2010, the complaint is dated May 28, 2010. It shall therefore be deemed filed on the earlier date under the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998).

February 2008, in violation of the Maryland Declaration of Rights. His handwritten complaint for damages also has been liberally construed as alleging grounds of false imprisonment, intentional infliction of emotional duress, invasion of privacy, negligence, and improper trial court delays. Plaintiff further claims that his current imprisonment resulted in the issuance of parole violation warrants in connection with his arrest. ECF No. 1.

Defendant Brick has filed a motion and supplemental motion to dismiss or, in the alternative, for summary judgment, and plaintiff has filed an opposition.[4] ECF Nos. 15, 20, & 22. For reasons to follow, Defendant Brick's motion, treated as a motion for summary judgment, shall be granted.

**Standard of Review**

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56(a). In addition,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

*See* Fed. R. Civ. P. 56(c)(1).

Under the Supreme Court standard of review, this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an

---

[4] Attempts to execute service on Frederick County Sheriff Jenkins have been unsuccessful.

> otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

The party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party has met that burden, the non-moving party must come forward with specific facts and demonstrate that such an issue does, in fact, exist. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).

**Analysis**

The court generally must view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *See Scott v. Harris,* 550 U.S. 372, 377 (2007). However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Id.* at 380. The court now turns to the materials presented.

Plaintiff alleges that he was falsely arrested and imprisoned in violation of his Fourth Amendment rights. The Supreme Court has held that the Fourth Amendment's protection against unreasonable seizures includes seizure of the person. *See California v. Hodari D.,* 499 U.S. 621, 624, (1991). "It is well-settled under Supreme Court precedent that a warrantless arrest is reasonable under the Fourth Amendment . . . 'where there is probable cause to believe that a criminal offense has been or is being committed.'" *Ware v. James City Cnty., Virginia*, 652 F. Supp. 2d 693, 703 (E.

D. Va. 2009) (citing *Devenpeck v. Alford,* 543 U.S. 146, 152 (2004)). Probable cause to make a warrantless arrest exists when the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person . . . in the circumstances shown, [to conclude] that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo,* 443 U.S. 31, 37 (1979). It is also well-settled that "[w]hether probable cause exists in a particular situation . . . always turns on two factors in combination: the suspect's conduct as known to the officer, and the contours of the offense thought to be committed by that conduct." *Pritchett v. Alford,* 973 F.2d 307, 314 (4th Cir. 1992). "Although probable cause demands 'more than mere suspicion, . . . evidence sufficient to convict is not required.'" *Ware*, 652 F. Supp. 2d at 703 (quoting *Taylor v. Waters,* 81 F.3d 429, 433 (4th Cir. 1996)). Thus, "[i]f a person is arrested when no reasonable officer could believe, in light of the contours of the offense at issue, that probable cause exists to arrest that person, a violation of a clearly established Fourth Amendment right to be arrested only upon probable cause ensues." *Rogers v. Pendleton,* 249 F.3d 279, 290 (4th Cir. 2001).

Brick asserts that his arrest of plaintiff was based upon the fact that: (1) the vehicle plaintiff was driving matched the reported description of the car in which two of the suspects fled from Lowe's, including the make, model, and Virginia license plate; (2) two other individuals who matched the reported descriptions of the individuals who fled from Lowe's with stolen power tools had already been pulled from the car that plaintiff had rented in his name and was later found to be driving; (3) Brick found one of the stolen power tools in the trunk of the Pontiac that plaintiff was driving; (4) four employees at Lowe's identified plaintiff as one of the three individuals who had stolen items from the store; and (5) an employee at Home Depot also identified plaintiff as having stolen from that store. The court finds that the aforementioned circumstances were sufficient to support probable cause in light of the contours of the theft offenses at issue under Maryland law. *See*

6

Md. Code Ann., Crim. Law, §§ 7-104, *et seq*.[5]

Plaintiff complains that his trial was improperly delayed and also raises claims under Maryland's Declaration of Rights and common-law tort. To the extent that plaintiff is raising a speedy trial claim, the record shows that his criminal proceedings were postponed on several occasions. The plaintiff has failed to show what if any personal involvement Brick had in those delays. Instead, plaintiff places fault on missing some of the scheduled hearing dates because he was in state custody and a writ was not issued for his appearance. ECF No. 20 at 5-6. Even if plaintiff had named the proper defendant for this claim, there is no evidence presented by him to support an allegation that the failure to transport him to court was intentional and in violation of his constitutional rights.

Insofar as plaintiff raises state law claims, including false arrest, false imprisonment, negligent detention, and intentional infliction of emotional distress, these claims also fail. The arrest was supported by probable cause, no malice has been shown, and the conduct does not rise to the level of outrageousness necessary to prove a claim for intentional infliction of emotional distress. *See Harris v. Jones*, 380 A.2d 611, 614-615 (Md. 1977).

To the extent plaintiff raises any claims against Sheriff Jenkins, the claims shall be dismissed without prejudice. Jenkins is not mentioned anywhere in the body of the complaint; his name only appears in the caption. There are no allegations of wrongdoing raised against him. Thus, the complaint fails to comply with Fed. R. Civ. P. 8.[6] Although district courts have a duty to construe pro se pleadings liberally, a self-represented plaintiff must nevertheless allege facts that state a cause

---

[5] In a supplemental motion to dismiss or for summary judgment, Brick notes that theft charges against Vaughn Beatty remain pending and that Antoine Moore pled guilty to conspiring with plaintiff and Beatty to commit theft over $500.00 from Lowe's. ECF No. 22 at Exs. H-J.

[6] In the context of Rule 8, it is clear that a plaintiff must provide enough detail to illuminate the nature of the

7

of action. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985) (adding that the duty to construe pro se complaints liberally "does not require [district] courts to conjure up questions never squarely presented to them.").

For the reasons stated above, Brick's motion for summary judgment will be granted and defendant Jenkins will be dismissed. A separate Order follows.

Date:  July 22, 2011          /s/

Catherine C. Blake
United States District Judge

---

claim and allow defendants to respond. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007).